UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Mable L. Maroney,                                    Case No. 3:14 cv 698

       Plaintiff

   v.                                             AMENDED
                                             MEMORANDUM OPINION

William E. Slaise, Jr. et al.,

       Defendants


     This matter is before me on the Defendants' motion to dismiss the Amended Complaint,

Plaintiff's response and Defendants' reply thereto.  This Court has jurisdiction pursuant to 28 U.S.C.

§ 1331.  For the reasons that follow, Defendants' motion is denied.

## BACKGROUND

     This civil rights action is brought by Mable L. Maroney, a resident of Lima, Ohio.  Maroney

brings this action against law enforcement officers with the Allen County Sheriff's Department, the

Allen County Sheriff, and Allen County.

     For purposes of this motion to dismiss, the facts alleged in the complaint are taken as true.

On the evening of August 28, 2013, Maroney was driving her vehicle on S. Main Street in Lima,

Ohio when she was pulled over by Officer William E. Slaise Jr., of the Allen County Sheriff's

Department.

     When asked by Slaise as to why he had pulled her over, Maroney indicated it was due to a

short in her headlight which caused her headlights to go out when she crossed the railroad tracks.

Slaise then asked Maroney how much she had to drink and she reported having consumed two beers.

Maroney observed additional deputies arrive on the scene, Officers William Joseph and Daniel Howard.  Slaise then asked Maroney to exit the car and directed her to the sidewalk. Maroney was asked and consented to taking a sobriety test.

Slaise administered the HGN (horizontal gaze nystagmus) test and one of the other officers administered a handheld breathalyzer test.

Maroney was asked to perform the walk and turn test.  She attempted the test but after 2 or 3 steps she stopped indicating she could not do it.

Slaise then proceeded to handcuff Maroney's hands behind her back.  It was during the handcuffing that Slaise inserted one of his fingers into Maroney's rectum, through her clothing.

Maroney then stated, "that is my butt you are sticking your finger in."  This statement was heard by Officers Joseph and Howard.

Maroney was then transported to the Lima Police Department in Slaise's car.  During that ride, she complained to Slaise about his actions.  Upon arriving at the Lima Police Department, Maroney again complained about Slaise's actions.

At the station, Maroney was administered a breathalyzer test and tested under the legal limit. She was then transported to her home by Officer Howard and repeated her statement regarding Slaise's actions and the physical intrusion.

On July 11, 2014, Maroney instituted this action against Officers Slaise, Joseph, and Howard, as well as Samuel A. Crish, the Allen County Sheriff and Allen County.  The causes of action alleged include:  (1) violations of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983 against Defendant Slaise for unreasonable use of force and as against Defendants Joseph and Howard for failure to intervene in the unreasonable use of force against Plaintiff; (2) a conspiracy claim against

Defendants Slaise, Joseph, and Howard; (3) negligence against Defendant Slaise; (4) civil liability for criminal conduct under O.R.C. § 2307.60 against Defendant Slaise; and (5) a violation under 42 U.S.C. § 1983 for failure to properly train and supervise against Defendants Crish and Allen County.

The Defendants move for dismissal of the claims pursuant to Fed. R. Civ. P. 12(b)(6), in large part, on the basis of qualified immunity. In her opposition, Plaintiff agrees to dismissal of Count 2, without prejudice. As both sides are in agreement on that issue, Count 2 will be dismissed without prejudice.

## APPLICABLE LEGAL STANDARDS

### Fed. R. Civ. P. 12(b)(6)

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 550 U.S. at 555 (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action"). A complaint must state sufficient facts to, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility

that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

The Court in *Twombly* also noted the interplay between Fed. R. Civ. P. 8(a) and 12(b)(6) accordingly:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations. . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. at 555. (Citations omitted).

The Sixth Circuit's approach to dismissal motions where qualified immunity is raised offers valuable guidance:

> Just as we gauge other pleading-stage dismissals to determine only whether the complaint states a claim upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6), so we review an assertion of qualified immunity to determine only whether the complaint "adequately alleges the commission of acts that violated clearly established law," *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); *see also Skousen v. Brighton High School*, 305 F.3d 520, 527 (6th Cir. 2002).  The Federal Rules of Civil Procedures require pleadings to set forth "a short and plain statement showing that the pleader is entitled to relief,"  Fed. R. Civ. P. 8(a), and nothing about the defense of qualified immunity alters this modest pleading requirement, *see Goad v. Mitchell*, 297 F.3d 497, 503 (6th Cir. 2002).

*Back v. Hall*, 537 F.3d 552, 555-56 (6th Cir. 2008), *cert. denied*, 555 U.S. 1098 (2009).

**Qualified Immunity**

Qualified immunity shields "government officials performing discretionary functions… from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S.

800, 818 (1982).  Like absolute immunity, qualified immunity "is an *immunity from suit* rather than a mere defense to liability . . . [and] is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original).

The analysis employed by the Sixth Circuit in determining qualified immunity considers whether a constitutional right was violated and whether that right was clearly established at the time such that a reasonable official would have understood that his behavior violated that right.  *Occupy Nashville v. Haslam*, 769 F.3d 434, 442 (6th Cir. 2014), citing *Saucier v. Katz*, 533 U.S. 194 (2001).  The Supreme Court in *Pearson v. Callahan*, 555 U.S. 223, 226 (2009), approved disregarding the mandatory analytical sequence adopted in *Saucier*.  As noted recently by the Sixth Circuit, "[w]e are free to address the second question first, analyzing whether the constitutional right that purportedly prohibited a defendant's conduct was clearly established, without addressing whether there was a constitutional violation at all. *Occupy Nashville*, 769 F.3d at 442, citing *Pearson v. Callahan*, 555 U.S. at 236.

Once the defense of qualified immunity is raised, the burden shifts to the plaintiff to prove defendants are not entitled to qualified immunity.  *Rodriquez v. Passinault*, 637 F.3d 675, 689 (6th Cir. 2011).

## DISCUSSION

## Count I

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) deprivation of a right, privilege, or immunity, under the United States Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law.  *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005).   In this case, Plaintiff alleges violations of unreasonable force as against Defendant Slaise.

A claim alleging excessive force is assessed under the Fourth Amendment. *Morrison v. Board of Trustees of Green Twp.*, 583 F.3d 394, 400-01 (6th Cir. 2009):

> Whether an officer has exerted excessive force during the course of seizure is determined under an "objective reasonableness" standard. *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 396-97, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). This entails "balance[ing] the consequences to the individual against the government's interests in effecting the seizure." *Burchett v. Keifer*, 210 F.3d 937, 944 (6th Cir. 2002) (citing *Graham*, 490 U.S. at 396, 109 S.Ct. 1865). The assessment involves a fact-specific inquiry based on the totality of the circumstances that "pay[s] particular attention to 'the severity of the crime at issue, whether the suspect poses an immediate threat of safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Kostrzeva*, 279 F.3d at 639 (quoting *Graham*, 490 U.S. at 396, 109 S.Ct. 1865).

The Sixth Circuit holds that, " 'a plaintiff may allege use of excessive force even where the physical contact between the parties did not leave excessive marks or cause extensive physical damages.'" *Vance v. Wade*, 546 F.3d 774, 782 (6th Cir. 2008) (quoting *Ingram v. City of Columbus,*, 185 F.3d 579, 597 (6th Cir. 1999) (citation omitted)). *See also Morrison*, 583 F.3d at 407 ("But while an excessive use of force claim *may* be established through evidence of severe injury or physical contact, this Circuit has not required that this *must* be the case.") (Citation omitted).

Where qualified immunity is raised in a motion to dismiss, "the court must determine only whether the complaint 'adequately alleges the commission of acts that violated clearly established law.' " *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (citations omitted).

In this case, the claim of unreasonable force alleged is aimed at the conduct attendant to the handcuffing process. For purposes of the analysis in a motion to dismiss, the factual allegations are taken as true and meet the plausibility requirement sufficient to allow the parties to engage in discovery. To adopt the Defendants' argument that the conduct alleged was merely lawful,

unavoidable physical touching, would be to engage in impermissible fact-finding which is premature at this stage of the litigation.  *See Grose v. Caruso*, 284 Fed. Appx. 279, 283-84 (6th Cir. 2008) (challenges based upon qualified immunity usually the subject of summary judgment motions as the analysis is usually fact-dependent and requires development of the record).

Similarly, the claims of failure to intervene, aimed at Defendants Joseph and Howard, satisfies the plausibility standard.  However, as this claim is dependent upon development of the record it is premature at this juncture.  *See e.g. Burgess v. Fisher*, 735 F.3d 462, 475 (6th Cir. 2013) (on summary judgment in a failure to intervene claim, the record did not establish an "opportunity and means" to intervene).

**Count V**

Defendants also seek dismissal of the claims against Defendant Crish, in his individual capacity, alleging a failure to properly train and supervise the Defendant officers.  "For individual liability on a failure-to-train or supervise theory, the defendant supervisor must be found to have 'encouraged the specific incident or misconduct or in some other way directly participated in it.'"  *Essex v. County of Livingston*, 518 Fed. Appx. 351, 355 (6th Cir. 2013), citing *Phillips v. Roane Cnty*, 534 F.3d 531, 543 (6th Cir. 2008) (quotation omitted).  *See e.g. Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior.").

The claims against Sheriff Crish do not contain allegations sufficient to meet the plausibility standard, therefore, to the extent these claims are asserted against him in his personal capacity, they are not viable as a matter of law.  Defendants' motion to dismiss is granted as to this branch of their motion.

Lastly, the Defendants move for dismissal of claims alleging improper training and supervision as alleged against the Sheriff in his official capacity and against Allen County.  "Under § 1983, a municipality can only be held liable if the plaintiff demonstrates that the injury suffered was a direct result of the . . . official policy or custom."  *Beckett v. Ford*, 384 Fed. Appx. 435, 453 (6th Cir. 2010) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008).   As discovery has not yet begun, Plaintiff is only required to allege sufficient facts to state a viable claim as to this cause of action

In this case Plaintiff's complaint alleges in pertinent part:

> 53.  It was the policy and/or custom of defendants Crish and/or County of Allen to inadequately supervise and train its sheriff's deputies, thereby failing to adequately discourage constitutional violations on the part of his/its sheriff's deputies.  Defendants Crish and/or County of Allen did not require appropriate in-service training or retraining of sheriff's deputies who were known to have engaged in police conduct.

> 54.  As a result of the above described policies and customs, sheriff's deputies of the County of Allen, including defendants Slaise, Joseph, and Howard, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be adequately investigated or sanctioned, but would be tolerated.

> 55.  The above described policies and customs demonstrated a deliberate indifference on the part of policy makers of defendants Crish and County of Allen to the constitutional rights of persons within Allen County, and were the cause of violations of plaintiffs' rights alleged herein.

(Doc. No. 28, p.9)

In this case, the factual allegations "permit the court to infer more than the mere possibility of misconduct," *Iqbal*, 556 U.S. at 679.  "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. (Citations omitted).   Accordingly, the Defendants' motion to dismiss is not well taken as to the claims contained in Count V.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss (Doc. No. 29) is granted in part and denied in part.  Defendant's motion is granted as to Count V and denied as to the remaining causes of action.  Plaintiff's request to dismiss Count II is granted.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge